# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CYNTHIA SMITH**                                                                                                   **PLAINTIFF**

**V.**                          **No. 4:21-cv-01134-BSM-ERE**

**KILOLO KIJAKAZI, Acting**
**Commissioner of Social Security Administration**                          **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Either party may file objections to this Recommendation. Filed objections should be specific and must include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

## I.   INTRODUCTION

On November 7, 2018, Cynthia Smith filed a Title II application for a period of disability and disability insurance benefits. *Tr. 11*. In the application, Ms. Smith alleged disability beginning on June 30, 2018. *Id*. In a March 3, 2021 written decision, an administrative law judge ("ALJ") found that Ms. Smith was not disabled. *Tr. 11-19*. On October 4, 2021, the Appeals Council denied Ms. Smith's

request for review, making the ALJ's denial of benefits the Commissioner's final decision. *Tr. at 1-4*. Ms. Smith has requested judicial review.

For the reasons stated below, the Court should affirm the Commissioner's decision.

## II.   THE ALJ's DECISION[1]

The ALJ found that Ms. Smith, who was sixty-four years old on the date of the hearing, had not engaged in substantial gainful activity since June 30, 2018. *Tr. 13, 30-31*. At step two, the ALJ determined that Ms. Smith has the following severe impairments: chronic bronchitis, degenerative disc disease, and bone fractures. *Id*.

The ALJ found that Ms. Smith did not have an impairment of combination of impairments meeting or medically equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 15*. Next, the ALJ determined that Ms. Smith had the residual functional capacity ("RFC") to perform sedentary work, except that she could no more than frequently reach and handle, and no more than occasionally climb, stoop, crouch, kneel, and crawl. *Tr. 15-16*.

---

[1] The ALJ followed the required five-step analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment (Listing); (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

At step four, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, considering Ms. Smith's age, education, work experience, and RFC, she is capable of performing past relevant work as a recruiter. *Tr. 18*. Therefore, the ALJ found that Ms. Smith was not disabled. *Id*.

## III.  DISCUSSION

### A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> Our review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision. Reversal is not warranted, however, merely because substantial evidence would have supported an opposite decision.

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'"

3

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

  B. **Ms. Smith's Arguments for Reversal**

Ms. Smith contends that the evidence supporting the ALJ's decision is less than substantial. She argues that the ALJ erred by: (1) failing to properly consider her mental impairments; (2) finding that her spine impairments did not meet or medically equal Listing 1.04(A); and (3) failing to properly evaluate her subjective complaints.

  1. **Non-severe mental impairments**

In very brief fashion, with no citation to medical evidence, Ms. Smith argues that her mental impairments should have been found to be severe, which would have precluded her from performing past work as a recruiter. However, there is very little mention of any mental health problems in the record. Additionally, Ms. Smith did not pursue specialized psychiatric treatment with a psychiatrist or counselor. Moreover, mental status examinations were normal, revealing no serious mental health problems. *Tr. 416-417, 493, 508, 547-552, 686-687*.

An impairment is considered non-severe if it has no more than a minimal impact on a claimant's ability to work. See *Nguyen v. Chater*, 75 F.3d 429, 430 (8th

Cir. 1996). 20 C.F.R. §§ 404.1520(c); 416.920(c). The claimant has the burden of proving that an impairment is severe. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006). Ms. Smith has not met this burden, and cannot show that the ALJ erred at step two.

The ALJ thoroughly discussed Ms. Smith's mental impairments at step two, and found that they caused little impact on her ability to work. *Tr. 14-15*. The opinion incorporated the Disability Determination Services medical expert opinions, which found that Ms. Smith's mental impairments were non-severe. *Tr. 18*. The ALJ considered all of Ms. Smith's impairments, and his determination that Ms. Smith could perform the mental requirements of her past relevant work is supported by substantial evidence.

### 2. Whether Ms. Smith met Listing 1.04(A)

Ms. Smith had back and neck impairments that caused pain. Objective imaging showed collapse of the T5 vertebral body, with cord compression. *Tr. 526, 568-569*. She had cervical disc space narrowing and severe foraminal narrowing. *Id*. She claims that her condition met or medically equaled Listing 1.04(A).

Listing 1.04 discusses disorders of the spine:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) . . . (while there is a part B and a part C to this Listing, Ms. Smith does not discuss those parts, nor are they instructive here).

20 C.F.R. Pt. 404, Subpt. P. App 1 § 1.04(A); *Janet M.B. v. Kijakazi*, No. 20-cv-02265-JFD, 2022 U.S. Dist. LEXIS 118069 *14-16 (D. Minn. July 6, 2022; https://secure.ssa.gov/poms.nsf/lnx/0434121007.

At step three, the burden rests squarely on the claimant to prove she met a Listing. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). The claimant must show that her impairment matches all of the specified medical criteria of a listing. *Johnston v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004). This is an objective, not subjective, determination by the ALJ.

While Ms. Smith had some pain and occasional restricted range of motion, her straight-leg raises were negative. *Tr. 342, 446, 593*. So that part of the Listing is not met. Next, Ms. Smith points to some evidence of muscle weakness at various points in time. However, on many occasions, she told her doctors that her pain did not radiate and that she had no numbness or weakness. *Tr. 446, 504, 567, 572, 595-596*. Numerous records from 2020 showed normal gait as well as good coordination and balance. *Id*. Normal clinical findings may support an ALJ's decision to deny benefits. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). In October 2020, Ms.

Smith's doctor found that her cervical spine was stable with no pain, and she had no trigger points in her head or neck. *Tr. 592-596.* There was no pain to palpation in the lumbar spine, and she showed good motor strength and tone. *Id*.

Moreover, Ms. Smith was encouraged by her doctors to exercise, improve her diet, and quit smoking. *Tr. 526, 543, 555-569, 575*. A medical provider's encouragement for a claimant to exercise constitutes evidence in support of an ALJ's findings. *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir. 2009). In May 2020, her orthopedist told her to try low-impact exercise, and in September 2020, he said to continue activities as tolerated. *Id*. Finally, Ms. Smith said that when she took pain medication, she had no symptoms. *Tr. 491*. She did not have problems weaning off of Forteo (an injection for osteoporosis) in March 2020. *Id*. She has not shown that her neck and back conditions were disabling.

The ALJ discussed Listing 1.04 in concluding that Ms. Smith did not meet all of its components.[2] His decision is supported by substantial evidence.

### 3. Subjective Complaints

"When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence

---

[2] Ms. Smith asserts that the ALJ should have elaborated further in the Listing section of his decision, but there is no error when an ALJ fails to explain fully why an impairment does not equal one of the listed impairments as long as the overall conclusion is supported by the record. See *Pepper ex rel. Gardner v. Barnhart*, 342 F.3d 853, 855 (8th Cir. 2003); *Dunahoo v. Apfel*, 241 F.3d 1033, 1037 (8th Cir. 2001).

7

relating to: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions." *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). "An ALJ need not explicitly discuss each factor," and he may "decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony." *Id*. (internal citations omitted).

Ms. Smith argues that the ALJ did not fully consider her subjective complaints. However, the record shows that the ALJ fully investigated her subjective complaints and found them inconsistent with the record as a whole. *Tr. 16*. Specifically, the ALJ addressed the location and nature of Ms. Smith's pain, the objective findings, her daily activities,[3] and the medical source opinions. *Tr. 13-19*. He discussed her work history at the end of the decision, and he also asked her about her work history at the hearing. *Tr. 30-35*. While she claims that the ALJ should have more thoroughly considered her long work history, an ALJ does not commit reversible error simply by not discussing a claimant's work history. *Roberson v. Astrue*, 481 F.3d 1020, 1025-1026 (8th Cir. 2007). The ALJ need not explicitly address each factor in his analysis of subjective complaints. *Wildman v. Astrue*, 596

---

[3] Ms. Smith said she could do things like perform household chores, drive, and attend church. *Tr. at 14, 32, 242, 274*. Such daily activities undermine her claims of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

F.3d 959, 964 (8th Cir. 2010). In this case, the ALJ properly considered Ms. Smith's subjective complaints.

## VI. CONCLUSION

The ALJ applied proper legal standards in evaluating Ms. Smith's claims, and substantial evidence supports the decision to deny benefits.

The Court should affirm the decision and enter judgment in favor of the Defendant.

IT IS SO ORDERED this 8th day of November, 2022.

_____
UNITED STATES MAGISTRATE JUDGE